THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SPENCER H., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING IN PART [23] REPORT AND RECOMMENDATION, OVERULLING IN PART [24] OBJECTIONS, AND AFFIRMING THE SOCIAL SECURITY ADMINISTRATION COMMISSIONER'S DECISION** <br><br> Case No. 2:24-cv-00650-DBB-DAO <br><br> District Judge David Barlow |

Before the court is United States Magistrate Judge Daphne A. Oberg's Report and Recommendation to Affirm Commissioner's Decision Denying Disability Benefits ("R & R").[1] Plaintiff filed a timely objection.[2] For the reasons stated below, the court adopts in part the Report and Recommendation, overrules in part Plaintiff's objections, and affirms the Commissioner's decision.

## BACKGROUND

Spencer H.[3] brought this action for judicial review of the denial of his application for disability insurance benefits and supplemental security income by the Commissioner of the Social Security Administration.[4]

---

[1] R. & R. to Affirm Comm'r's Decision Den. Disability Benefits ("R & R"), ECF No. 23, filed August 4, 2025.
[2] Objs. to the Magistrate Judge's R. & R. ("Obj."), ECF No. 24, filed August 18, 2025.
[3] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the plaintiff is referred to by first name and last initial only.
[4] Compl., ECF No. 1, filed September 4, 2024.

1

The Administrative Law Judge ("ALJ") who addressed Mr. H.'s application determined he did not qualify as disabled.[5] The ALJ used the required five-step evaluation, considering whether: 1) the claimant is engaged in substantial gainful activity; 2) he has a severe medically determinable physical or mental impairment; 3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation); 4) he has the residual functional capacity to perform past relevant work; and 5) he has the residual functional capacity to perform other work, considering his age, education, and work experience.[6] As relevant here, the ALJ found at step five that Mr. H. had the residual functional capacity to perform a "reduced range of light work."[7] The ALJ concluded that Mr. H. could perform certain jobs in the national economy and thus was not disabled and denied his claims.[8]

On judicial appeal, Mr. H. argued the ALJ failed to properly evaluate the medical opinions of Dr. Adam James, a treating physician.[9] As the Magistrate Judge explained:

> First, [Mr. H.] argues the ALJ improperly discounted Dr. James' opinions because Dr. James provided them on disability-related forms. Second, he argues the ALJ erred in finding Dr. James' opinions unsupported. Third, Mr. H. contends the ALJ failed to evaluate the consistency of Dr. James' opinions with other evidence in the record.[10]

---

[5] Certified Tr. of Admin. R. ("AR") 14–29, ECF No. 8-2, Exhibit 3, filed September 24, 2024.
[6] AR 15–16; *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Bowen v. Yuckert,* 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).
[7] AR 20.
[8] AR 27–28.
[9] Opening Br. 1, ECF No. 11, filed October 25, 2024.
[10] R & R 11 (*First citing* Opening Br. 10; *then citing* Opening Br. 10–12; *and then citing* Opening Br. 12–13).

The R & R rejected each of these arguments.[11] First, the R & R found that the ALJ did not mention anything in his decision about the form Dr. James provided his opinion on and thus there was no evidence the ALJ discounted his opinions on this basis.[12] Second, the R & R found that the ALJ provided multiple supporting reasons for discounting Dr. James's opinion.[13] Third, the R & R found that the ALJ evaluated the consistency of Dr. James' opinions with other evidence on the record regarding physical limitations.[14] And while "the ALJ did not specifically discuss consistency" regarding Dr. James' opinions on Mr. H's mental limitations, the ALJ "was not required to do so."[15] The R & R found that "the ALJ did not need to articulate consistency findings for every opinion Dr. James provided, so long as he considered consistency in addressing Dr. James' opinions as a whole."[16]

Mr. H. objected to the R & R's first and third findings regarding disability forms and consistency.[17] Mr. H. did not object to the R & R's second finding on supportability.[18]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection.[19] To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[20]

---

[11] *Id.*
[12] *Id.*
[13] *Id.* at 12.
[14] *Id.* at 16.
[15] *Id.*
[16] *Id.* at 16–17.
[17] Obj. 1, 3.
[18] *Id.*
[19] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[20] *See id.*

This court "reviews unobjected-to portions of a report and recommendation for clear error."[21] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[22] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[23]

## DISCUSSION

The court reviews each of the Magistrate Judge's three findings in turn.

**I.      Disability-Related Forms**

Mr. H. objected to the Magistrate Judge's findings on this point. The Magistrate Judge, in whole, found that:

> Mr. H.'s first argument fails because, as the Commissioner notes, the ALJ did not mention the fact that Dr. James provided his opinions on disability-related forms. The ALJ did not identify the type of form as a reason for finding Dr. James' opinions unpersuasive; there is simply no evidence the ALJ discounted the opinions on this basis.[24]

Plaintiff objects that the Magistrate Judge's findings lack a "proper analysis."[25] Plaintiff explains that the ALJ wrote "Dr. James did not present sufficient clinical evidence or relevant medical explanation to support the opinion."[26] This, Plaintiff argues, implies that the ALJ

---

[21] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[22] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[23] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah 2020) (cleaned up).
[24] R & R 11 (internal citations omitted).
[25] Obj. 2.
[26] AR 25.

thought Dr. James' opinion was deficient because "the format did not allow or call for additional explanation, such as a narrative letter or report could have provided."[27]

Plaintiff's argument is not sufficiently supported by the ALJ's report to make such an implication. As the Magistrate Judge noted, the ALJ never mentioned the format of Dr. James' opinion. And the ALJ discusses his reasons in depth for finding that Dr. James' report was not sufficiently supported, including citing to the disability forms' underlying treatment notes. The ALJ explained:

> [Mr. H.'s] clinic visits [to Dr. James] reflect cursory psychiatric examinations showing that the claimant was alert and oriented and had a flat affect. However, Dr. James did not perform any substantive evaluation of the claimant's memory, concentration, or other cognitive abilities (Exhibits 3F, 10F, and 11F). Therefore, this opinion appears to be based primarily on the claimant's subjective statements that he has problems in these areas. Notably, Dr. James repeatedly referred the claimant to a psychiatrist or psychologist in part to obtain a formal diagnostic evaluation (Exhibit 3F, page 8; and 10F, pages 7 and 20), but the claimant did not follow through with this recommendation.[28]

The ALJ sufficiently explained his reason for finding that Dr. James' opinion was not supported and did not state or imply that the opinion was affected by the form on which it appeared. Thus, the court adopts the R & R's findings on this point.

## II.    Supportability

Mr. H. did not object to the Magistrate Judge's findings on this point. The Magistrate Judge's analysis and conclusion is not clearly erroneous.[29] Accordingly, the court adopts the R & R's findings that the ALJ did not err in finding Dr. James' opinions unsupported.[30]

---

[27] Obj. 2.
[28] AR 25.
[29] See R&R 12–15.
[30] See id.

5

**III.    Consistency**

Mr. H. objected to the Magistrate Judge's conclusions and finding on this point. The Magistrate Judge found that, because the ALJ expressly addressed the consistency factor in his discussion of Dr. James' opinion on Mr. H's physical limitations, the ALJ was not required to "specifically address whether each of Dr. James' opinions (such as those regarding mental limitations) were consistent with other evidence."[31]

Mr. H. objects that this is a novel interpretation of the governing regulations which "permits the ALJ to ignore favorable parts of the opinion and omit [them] from the articulated evaluation."[32] Mr. H. further objects that this interpretation is inconsistent with Tenth Circuit case law.[33]

It is unclear whether the characterization Mr. H. ascribes to the Magistrate Judge's ruling is correct in context. Given a narrow reading of this portion of the ruling (if consistency of the evidence is considered for physical limitations, it need not be considered for mental limitations), Mr. H.'s objection potentially has merit. But there is sufficient evidence within the ALJ's findings to uphold the Commissioner's decision on the grounds that he did, in fact, consider the consistency of the evidence on the mental limitations issue. Thus, the Court will not adopt the R & R on this point, but it will still uphold the Commissioner's decision on its own de novo review.[34]

---

[31] *Id.* 16–17.
[32] Obj. 3.
[33] *Id.* at 4.
[34] *See 2121 E. 30th St.*, 73 F.3d at 1060.

The court reviews the ALJ's decision to determine whether substantial evidence supports his factual findings and whether he applied the correct legal standards.[35] The court may not reweigh the evidence nor substitute its judgment for that of the ALJ.[36] But "failure to apply the correct legal standard . . . is grounds for reversal."[37] This does not require "technical perfection," instead the court should "exercise common sense" in evaluating an ALJ's opinion.[38] "[I]f the agency's path may be reasonably discerned[,]" the reviewing court "must uphold" the decision.[39] That said, the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to [their] position while ignoring other evidence."[40]

Under the relevant regulations, the ALJ must consider each "source" of medical opinions.[41] This means that the ALJ does not need to consider each individual opinion from one source, but rather only "articulate how [the ALJ] considered the medical opinions . . . from that medical source together in a single analysis."[42] The ALJ uses five factors to address the persuasiveness of the medical source.[43] The second factor, at issue here, is the consistency of the opinion with evidence from other medical and nonmedical sources.[44] The regulations instruct

---

[35] *See* 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[36] 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
[37] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).
[38] *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense. . . . [W]e cannot insist on technical perfection."); *Hendron v. Colvin*, 767 F.3d 951, 957 (10th Cir. 2014).
[39] *Garland v. Ming Dai*, 593 U.S. 357, 358; *See also Davis v. Erdmann*, 607 F.2d 917, 919 (10th Cir. 1979) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.") (internal citation omitted).
[40] *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 641 (10th Cir. 2018) (*quoting Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004).
[41] 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).
[42] *Id.*
[43] *Id.* §§ 404.1520c(b), (c)(1)–(5), 416.920c(b), (c)(1)–5).
[44] *Id.*

that the ALJ "will explain how [they] considered the . . . consistency factor[] for a medical source's medical opinions."[45]

Here, while the ALJ did not explicitly state that he was considering the consistency of Dr. James' opinions on mental capacity with other evidence in the record, on this record that is akin to a "technical omission" given the ALJ's thorough review of both consistent and inconsistent medical evidence.[46] It is "common sense" that when the ALJ discusses one medical source's persuasiveness, and then immediately describes another inconsistent source as more persuasive, the ALJ is comparing the two sources.[47] Here, the ALJ discussed, in the same section, other medical sources that he found more persuasive, that were consistent with his findings, and that were inconsistent with the unpersuasive opinions from Dr. James.[48]

Neither did the ALJ pick and choose only medical opinions favorable to his decision, but instead explored all the opinions and described why some were persuasive and others were not.[49] Indeed, the ALJ spent multiple pages discussing the various sources of evidence on the topic, including Mr. H.'s own reports, observations from Mr. H.'s friend, records from multiple primary care treaters, records from The Lotus Center, and records and opinions from Dr. Kathy Barnett, Dr. Victoria Judd, Dr. Kim Heaton, Dr. Charles Raps, Dr. Lois Huebner, and Dr. Adam James.[50] Consistent with the remainder of the opinion, the ALJ pincited his evidentiary sources, occasionally made persuasiveness determinations, and ultimately made a finding based on his

---

[45] *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).
[46] *See Keyes–Zachary*, 695 F.3d at 1166.
[47] *See id.*
[48] AR 20–27.
[49] *See Bryant*, 753 F. App'x at 641.
[50] AR 20–27.

consideration of those sources, both those that might support and undermine his determination.[51] While the ALJ did not use the word "consistency" with regards to Dr. James' and others' opinions on Mr. H.'s mental capacity, the record is such that the ALJ's "path may be reasonably discerned."[52] Here, the ALJ evaluated the evidence that was both consistent and inconsistent with Dr. James' opinions and the ALJ's eventual decision.

For these reasons, the court upholds the decision of the Commission of the Social Security Administration.

## ORDER

For the reasons stated above, the court OVERRULES in PART Plaintiff's Objections to the Magistrate Judge's Report and Recommendation,[53] ADOPTS in PART the Report and Recommendation to Affirm Commissioner's Decision Denying Disability Benefits,[54] and AFFIRMS the Social Security Commissioner's decision to deny disability benefits.

Signed September 18, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[51] *Id*.
[52] *See Garland*, 593 U.S. at 358.
[53] ECF No. 24.
[54] ECF No. 23.